**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **SAMMY LEE ELLINGTON,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:05-CV-0672-A |
| **DOUGLAS DRETKE, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Sammy Lee Ellington, TDCJ-CID #1289533, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and is currently incarcerated in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of TDCJ.

C. FACTUAL AND PROCEDURAL HISTORY

On February 24, 2004, a jury found Ellington guilty of the offense of possession of a firearm

by a felon and assessed his punishment at nine years' confinement and a $10,000 fine. (Trial Court Clerk's R. at 48.) Ellington appealed his conviction to the Second District Court of Appeals, which affirmed the trial court's judgment in an unpublished opinion on December 9, 2004. *Ellington v. Texas*, No. 2-04-087-CR, slip op. (Tex. App.–Fort Worth Dec. 9, 2004) (not designated for publication). He did not seek further direct review or post-conviction habeas corpus relief. (Federal Pet. at 3; Resp't Motion to Dismiss "Pearson Affidavits".) Ellington filed the instant federal petition for writ of habeas corpus on October 18, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing)

D.  ISSUES

Ellington raises four grounds for relief. (Federal Pet. at 7-8.)

E.  RULE 5 STATEMENT

Dretke has filed a motion to dismiss Ellington's petition without prejudice on exhaustion grounds. (Resp't Answer at 3-6.) Ellington has not filed a timely reply.

F.  EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir.

1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Dretke asserts, and provides proof, that Ellington has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. The Clerk of the Texas Court of Criminal Appeals, by his deputy, certifies that no petition for discretionary review or state habeas application has been filed by Ellington in that court, and Ellington has not refuted the assertion. Ellington's federal petition further supports the assertion. Because the state court has not been afforded a fair opportunity to consider the merits of Ellington's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, Ellington must first pursue his available state remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Ellington, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of

3

exhaustion is warranted so that Ellington can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[1]

## II.  RECOMMENDATION

Ellington's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 3, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

---

[1] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to applicable tolling.  *See* 28 U.S.C. § 2244(d)(1)-(2).

4

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 3, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 9, 2006.

                                                                /s/   Charles Bleil
                                                            CHARLES BLEIL
                                                            UNITED STATES MAGISTRATE JUDGE